**\*\* E-filed December 15, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YOSHIO KATO and SACHIKO KATO, individually and as surviving heirs of decedent, YOSHIYUKI KATO,<br><br>Plaintiffs,<br>v.<br><br>HAWKER BEECHCRAFT CORP., et al,<br><br>Defendants.<br>_____/ | No. C09-00616 JF (HRL)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**<br><br>**[Re: Docket No. 83]** |

**BACKGROUND**

On December 18, 2006, Yoshiyuki Kato ("Kato") was killed when a 1964 Beech D95A aircraft in which he was a passenger crashed near Gilroy, California. The accident occurred while Kato was taking flight lessons from instructor Shoki Haraguchi, an employee of California in Nice, Inc. d/b/a/ Nice Air ("Nice Air"), while operating the Nice Air-owned aircraft. Plaintiffs Yoshio Kato and Sachiko Kato (collectively, "Plaintiffs"), the parents of Kato, allege causes of action for negligence and wrongful death against Nice Air. Docket No. 40 ("Amended Complaint").

Plaintiffs now seek an order compelling Nice Air to provide further responses to their Interrogatory No. 10 and Request for Production of Documents ("RFP") No. 28. Docket No. 83 ("Motion"). Nice Air opposes Plaintiffs motion. Docket No. 84 ("Opp'n"). Oral argument was heard on December 14, 2010.

## LEGAL STANDARD

Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).

## DISCUSSION

At issue are Plaintiffs' Interrogatory No. 10 and RFP No. 28. These requests essentially seek discovery about any previous accidents involving Nice Air, its aircraft, and/or its instructors.[1]

---

[1] Interrogatory No. 10 and RFP No. 28, and Nice Air's responses thereto, are set forth in full below:

INTERROGATORY NO. 10:
Identify the date, aircraft name and model number, number of passengers, and type of injuries, if any, to the passengers, from any accidents prior to December 18, 2006 involving any of YOUR aircraft(s).

RESPONSE TO INTERROGATORY NO. 10:
Nice Air objects to this interrogatory on the ground that it is seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case and is therefore overly broad, burdensome and oppressive. The issue in this case concerns the cause of a particular accident that occurred on December 18, 2006. The interrogatory is objectionable in that it is not limited in any reasonable fashion so as to seek information relevant to the cause of the subject accident as opposed to a general "fishing expedition" aimed at unearthing inadmissible evidence having nothing to do with the issues raised in the instant case.

Docket No. 83-1 ("Malloy Decl."), Exhibit A at 6.

2

1   Nice Air objects to Interrogatory No. 10 and RFP No. 28 because they seek information and
2   documents that it believes are not related to the accident at issue in this case: "Discovery about other
3   flights, on other occasions, involving other instructors (or no flight instructor at all), under
4   conditions altogether unlike those that prevailed on the day in question, is tantamount to a 'fishing
5   expedition.'"  Opp'n at 2.

6       Plaintiffs disagree for several reasons.  First, Plaintiffs argue that the discovery is relevant
7   because, for example, "[e]vidence of prior accidents would shed light on whether Nice Air was on
8   notice of supervision and directional control problems relating to its instructors, Nice Air's training
9   relating to supervision and directional control, and/or causation of this Accident."  Motion at 6.
10  Indeed, such evidence, if it exists, clearly would be relevant to Plaintiffs' negligence claim.

11      Second, Plaintiffs cite good authority that makes clear that in accident cases, evidence of
12  other accidents to show a defective or dangerous condition, knowledge, or notice, or to establish the
13  cause of the accident is admissible if the circumstances of the other accidents are similar and not too
14  remote.  Elsworth v. Beech Aircraft Corp., 37 Cal.3d 540, 555 (1984) ("Evidence of prior accidents
15  is admissible to prove a defective condition, knowledge, or the cause of an accident, provided that
16  the circumstances of the other accidents are similar and not too remote."); see also White v. Ford
17  Motor Co., 312 F.3 998, 1009 (9th Cir. 2002) ("A 'showing of substantial similarity is required
18  when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a

---

REQUEST NO. 28:
Any and all documents regarding any accidents prior to December 18, 2006 involving any of YOUR aircraft(s).

RESPONSE TO REQUEST NO. 28:
Nice Air objects to the request on the ground that it is overly broad, burdensome and oppressive in that it seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Nice Air further objects to this request to the extent it seeks to require production of documents which are protected by the attorney-client privilege and/or the work product doctrine. Nice Air further objects to this request on the ground that the defined term "YOUR" is overly broad, burdensome and oppressive and would impermissibly require Nice Air to produce documents regarding any accidents involving any airplanes that happened to be or have been owned by individual employees and agents of Nice Air at any time prior to the specified date.

Malloy Decl., Exhibit B at 3.

3

1  design defect, or notice of the defect.'" ) (quoting Cooper v. Firestone Tire & Rubber Co., 945 F.2d
2  1103, 1105 (9th Cir.1991)).  And since evidence of other similar accidents is admissible as
3  evidence, "[a]s a precursor, then, Plaintiffs must be able to use the discovery process to evaluate
4  whether prior accidents are sufficiently similar."  Motion at 7.  In other words, if it could be
5  admissible, it certainly is discoverable.

6  Nice Air responds simply that evidence of "[a]ccidents involving other planes, other pilots,
7  [or] other circumstances do not inform the question of Nice Air's satisfaction of the applicable
8  standard of care with respect to the accident flight at issue in this case."  Opp'n at 4.  This, however,
9  is an admissibility argument that goes to whether another accident is similar to the one at issue in
10 this case and is more properly made at another time.  Nice Air fails to address the question of
11 whether relevant evidence of other accidents is <u>discoverable</u>, and it fails to cite any authority in this
12 regard.

13 Nice Air also argues that Interrogatory No. 10 and RFP No. 28 are overbroad and unduly
14 burdensome since they seek information about any accident of any kind that occurred under any
15 circumstance and are not limited in duration.  As for the breadth of the requests and the burden in
16 responding to them, the Court is not persuaded by Nice Air's showing in this regard.  As for the
17 duration, Plaintiffs have offered to limit the duration to 10 years before the date of the December 18,
18 2006 accident involving Kato.  At oral argument, Plaintiffs also offered to limit the definition of
19 "YOUR" in its requests to "Nice Air, including its employees and agents while controlling Nice
20 Air's aircraft, including Shoki Haraguchi."

21 The Court believes that Plaintiffs have a right to the discovery sought by their Interrogatory
22 No. 10 and RFP No. 28.  The relevant information sought appears to be reasonably calculated to
23 lead to the discovery of admissible evidence.  Nice Air shall provide amended responses to
24 Plaintiffs.  However, the Court believes that both of Plaintiffs' proposals for narrowing the requests
25 are reasonable and appropriate, and the Court adopts them.

## CONCLUSION

27 Based on the foregoing, the Court grants Plaintiffs' motion to compel.  Nice Air shall
28 provide amended responses to Plaintiffs' Interrogatory No. 10 and RFP No. 28 within 30 days from

1  the date of this order.  Nice Air need only respond with respect to information or documents
2  involving accidents occurring from December 18, 1996 to December 18, 2006.  It also need only
3  respond with respect to Plaintiffs' narrowed definition of "YOUR" as described above.

**IT IS SO ORDERED.**

Dated: December 15, 2010



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **C09-00616 JF (HRL) Notice will be electronically mailed to:**

2  Brian J. Malloy             bjm@brandilaw.com
   Gregory Charles Read        gregory.read@sdma.com, amanda.henderson@sdma.com,
3                              laura.flood@sdma.com, mgjones@martinpringle.com
   Michael Gordon Jones        mgjones@martinpringle.com, clsmith@martinpringle.com
4  Randolph S. Hicks           rhicks@chdlawyers.com, csinclaire@chdlawyers.com
   Rebekka R. Martorano        rmartorano@ryanlg.com, amolander@ryanlg.com,
5                              amoriguchi@ryanlg.com, chubert@ryanlg.com,
                               spaffrath@ryanlg.com, tryan@ryanlg.com
6  Richard Grotch              rgrotch@chdlawyers.com
   Stephen Edward Paffrath     spaffrath@ryanlg.com, spaffrath@ryanlg.com
7  Terence D. Edwards          tde@brandilaw.com
   Thomas J. Brandi            tjb@brandilaw.com
8  Timothy John Ryan           tryan@ryanlg.com, amolander@ryanlg.com,
                               amoriguchi@ryanlg.com, chubert@ryanlg.com,
9                              rmartorano@ryanlg.com, spaffrath@ryanlg.com

10 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**